FILED
LODGED
ENTERED
RECEIVED

JAN 21 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEP.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,  )
                            Plaintiff,  )
                 v.  )
MARQUIN THOMPSON,  )
                            Defendant.  )

No. CR09-122JCC

**PLEA AGREEMENT**

09-CR-00122-CMP

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Ye-Ting Woo, Assistant United States Attorney for said District, Defendant, Marquin Thompson, and his attorneys, Carol Koller and Kyana Stephens, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

      **1.**      **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

      **2.**      **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to the following charge contained in the Information.

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

  a. Human Trafficking, as charged in Count 1, in violation of Title 18, United States Code, Section 1590.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of Human Trafficking, as charged in Count 1, in violation of Title 18, United States Code, Section 1590, are as follows:

  First, the defendant knowingly recruited, harbored, transported, provided, or obtained another person;

  Second, the defendant did benefit financially from participation in a venture which has engaged in providing or obtaining labor or services by means of a scheme or plan to cause the other person to believe that if the person did not perform such labor or services, the person would suffer serious harm; and,

  Third, the defendant knew or acted in reckless disregard that the providing or obtaining of labor or services was by the means described above.

The term "serious harm" includes any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm. *18 U.S.C. 1589(c)(2).*

4. **The Penalties.** Defendant understands that the statutory penalties for the offense of Human Trafficking, as charged in Count 1 are as follows:

  a. <u>Count 1 (Human Trafficking)</u>: Imprisonment for up to twenty (20) years, a fine of up to two hundred and fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of three (3) years, and a special assessment of one hundred and no/100 dollars ($100.00). If Defendant receives a sentence of probation, the

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of his peers;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e.    The right to confront and cross-examine witnesses against Defendant at trial;

    f.    The right to compel or subpoena witnesses to appear on his behalf at trial;

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

 6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

7.  **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.  **Restitution.** Defendant shall make restitution to FV1 (Female Victim 1, as referenced in the Information and in Paragraph 9 below, Statement of Facts) in the total amount of seven thousand, eight hundred, and fourteen dollars, and fifty-three cents ($7,814.53). This amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

9.  **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

    a.  From approximately September 2007 to January 2008, the Defendant received money from a 20-year old adult female, Female Victim 1 (FV1), which FV1 earned from her work as a prostitute. The Defendant knew that FV1 began working as a prostitute in September 2007, that is, FV1 was providing sex to men for money. The Defendant knew that FV1 was working the "track" in the Kent and Des Moines area to obtain prostitution clients. During this time period, the Defendant and FV1 were also involved in a boyfriend-girlfriend relationship.

    b.  The Defendant assisted FV1's prostitution activities by purchasing clothing, condoms, and a cell phone for her to use while FV1 was working. One of the purposes of the cell phone was for the Defendant to remain in contact with FV1 while she was working.

    c.  The Defendant, on occasion, would drive FV1 to meet with her prostitution clients, either on the "track" or at motels.

    d.  In October 2007, the Defendant rented a vehicle and drove with FV1 to Phoenix, Arizona. While in Arizona, FV1 earned money working as a prostitute.

    e.  The Defendant was provided earnings from FV1's work as a prostitute. These earnings were the Defendant's primary source of "income."

    f.  The Defendant participated in this scheme and plan of assisting, and aiding and abetting FV1's prostitution activities, with the intent to cause FV1 to believe that if he did

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

not assist her, the Defendant would terminate and abandon their relationship and FV1 would suffer psychological and emotional harm.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A base offense level of 22, pursuant to USSG §2H4.1(a)(1)

   b. A two-level upward adjustment for serious bodily injury, pursuant to USSG §2H4.1(b)(1)(B); and,

   c. A one-level upward adjustment for period of peonage, pursuant to USSG §2H4.1(b)(3)(C).

The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss the Indictment at the time of sentencing and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

12. **Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

13. **Sentencing Recommendation.** Pursuant to the provisions in this Plea Agreement, the parties agree that the appropriate range of imprisonment is 77 to 96 months. The Defendant agrees not to recommend a sentence less than 77 months, and the United States agrees to recommend a sentence not higher than 96 months. This sentencing recommendation does not bind the Court, and the Court is free to impose a lawful sentence without consideration of the parties's recommendations.

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed pursuant to the parties' agreed amount; and

    b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

17. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or
2  (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is
3  discovered by the United States Attorney's Office.

4      18.    **Completeness of Agreement.**  The United States and Defendant acknowledge that
5  these terms constitute the entire Plea Agreement between the parties.  This Agreement binds
6  only the United States Attorney's Office for the Western District of Washington.  It does not
7  bind any other United States Attorney's Office or any other office or agency of the
8  United States, or any state or local prosecutor.

9      Dated this 28th day of January, 2010.

_____
MARQUIN THOMPSON
Defendant

_____
CAROL KOLLER
Attorney for Defendant

_____
KYANA STEPHENS
Attorney for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

_____
YE-TING WOO
Assistant United States Attorney

PLEA AGREEMENT/Thompson
Case No. CR09-122JCC - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970