Judge Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>MARQUIN THOMPSON,<br><br>                Defendant. | NO. CR09-122JCC<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Ye-Ting Woo, Assistant United States Attorney for said District, and files this Sentencing Memorandum as to Defendant Marquin Thompson.

### I. OFFENSE CONDUCT

Defendant Marquin Thompson entered a plea of guilty to the crime of Human Trafficking, in violation of Title 18, United States Code, Section 1590. This offense involved the defendant's exploitation of a young woman (referenced as Female Victim 1 [FV1]), over a five month period, coercing and compelling the woman to financially support the defendant through acts of prostitution. The underlying facts supporting the plea agreement and the offense of conviction are accurately described in Paragraphs 7 through 19 of the Presentence Report.

Government's Sentencing Memorandum- 1
*United States v. Marquin Thompson,* No. CR09-122JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The defendant's sentencing memorandum, along with the Presentence Report, provide substantial information about the defendant, his background, the challenges that he experienced during his childhood and young adult years. The Court, though, has minimal information about FV1 who has been psychologically scarred from the abuse and trauma imposed by the defendant during the time that FV1 spent with him.

At the time that FV1 met the defendant in September 2007, she was a 19-year old who had left home and was living with a friend in a local motel, struggling with her life goals and feeling lonely and in need of direction. FV1 she did not have a job, did not have a stable residence, and she was struggling in her relationship with her mother. FV1 was looking for security and approval. She then met the defendant, who in her eyes, was an older man with confidence and who intrigued her. FV1 had not previously been in a steady relationship with a man. Due to lack of a strong male figure in her life, FV1 found the attention that the defendant brought upon her to be exciting and she thirsted for it. Within a day of meeting the defendant, he proposed having FV1 work as a prostitute as a way of making money and it was an assurance that she would have his attention. FV1 did not know anything about the life of prostitution; she had never been in trouble with the law. The defendant persuaded her that he would look after her, but she had to commit to him fully. He told her the "rules of the game," which included cutting off all ties with her family and friends; she was required to keep the defendant apprised of her whereabouts and her activities at all times; she was to give him nearly all of the money that she made from prostitution; and she could not speak to other men who might be pimps, or other girls who were working as prostitutes. FV1 wanted to please the defendant and sought his approval and attention, so she began working on the "track," namely, walking along Pacific Highway South to attract men who would pay her for sex. At times, the defendant drove her to and from the track. He provided her with the clothing to wear to attract men. The defendant gave her a cell phone so that he could keep in touch with her at all times. He also set the fees for sex services to charge.

Government's Sentencing Memorandum- 2
*United States v. Marquin Thompson,* No. CR09-122JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

FV1 and the defendant did have an intimate relationship, and FV1 considered the defendant to also be her boyfriend, in addition to being her pimp. The defendant lead FV1 to believe that in order for her to have him as her boyfriend, she had to accept him as her pimp. FV1 later learned that the defendant was not new to the life of pimping. He had previously had other young women who had also worked for him as prostitutes. The defendant made it clear to her that if she violated any of the rules of the game, and was disrespectful of him in any way, she would suffer consequences.

These consequences began showing themselves initially through verbal abuse by the defendant, who called her names and denigrated her. Eventually, this increased to slapping and pushing, and in January 2008, when FV1 intimated that she wanted to leave the defendant, he beat her and kicked her in the head and back. Fortunately for FV1, she reached out for her mother who rescued FV1 and contacted the police about the assault by the defendant.

During the time that FV1 worked for the defendant, he took her to other cities to work as a prostitute, including Nevada and Arizona. He had FV1 posted in Craigslist, an internet advertisement site, to attract male customers in these other cities. FV1 was arrested multiple times for prostitution, but was too scared to advise the police that she had a pimp for fear of retribution by the defendant.

The defendant had "daily quotas" for FV1. The daily quota ranged from $200 to $600 a day that FV1 had to earn. The defendant used the money to support his lifestyle, which included drugs and alcohol, interstate travel, car rentals, and hotel rentals. When FV1 was rescued in January 2008, she had a bag of clothing and other minimal personal items; she had not used any of the funds acquired from prostitution to buy clothes, handbags, shoes, electronic items, or other personal items that young women own. In short, FV1 received no benefit from her relationship with the defendant.

FV1 has not been the only female exploited by the defendant. In February 2006, the defendant was convicted of Supervision of a Prostitute, in Santa Ana, California. In May 2009, the defendant was identified as a suspect, along with two other adult males, by

Government's Sentencing Memorandum- 3
*United States v. Marquin Thompson,* No. CR09-122JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

the Phoenix Police Department in the recruitment of a teenage girl to engage in prostitution. In August 2009, the defendant was arrested in San Diego for a probation violation, and was with another young woman who was believed to be involved in prostitution.

Fortunately for FV1, she was reunited with her mother and is now living a stable, productive life.  Yet she continues to struggle with self-esteem issues, fear of men, and the long-lasting emotional trauma she endured while with the defendant.

## II.   ADVISORY SENTENCING GUIDELINES

The government concurs with the advisory sentencing guidelines as calculated by the Probation Office.  The parties agree that the total offense level is 22, and that the defendant's criminal history category is a V.  Thus, the corresponding guideline range is 77 to 96 months.  Pursuant to the plea agreement, the government has agreed not to recommend a sentence higher than 96 months.

## III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends a sentence at the high-end of the range, of 96 months of imprisonment, to be followed by a period of supervision of three years.  The defendant has agreed to pay restitution in the amount of $7,814.53 to FV1.  A mandatory assessment of $100 is required.

The government analyzed the factors under Title 18, United States Code, Section 3553(e) in deciding that a sentence of 96 months is a sentence that is sufficient but not greater than necessary to meet the goals and purposes of sentencing.  The defendant is not an immature young man who was misguided and made a mistake in his relationship with his girlfriend so that he could merely use drugs.  The defendant had been in and out of local jails before he met FV1; he had also previously been involved in promoting prostitution of other females.  The defendant specifically targeted FV1 because he learned that she was homeless and vulnerable to being controlled and exploited.  He took advantage of this vulnerability and gained FV1's trust and need for male approval.  The nature and seriousness of the offense dictates a sentence at the high-end of the advisory

Government's Sentencing Memorandum- 4
*United States v. Marquin Thompson,* No. CR09-122JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

guideline range. The fact that the defendant lived a disadvantaged life that was mired by poverty and drug addiction provides us with an understanding of where and why his life took a wrong turn. But it does not excuse the harm and abuse that he imposed upon an innocent young woman who was merely looking for acceptance and approval.

### IV.  WAIVER OF APPEAL

Pursuant to Paragraph 15 of the parties's Plea Agreement, the defendant has agreed to waive his right to appeal the conviction and sentence if this Court imposes a sentence within or below the advisory guideline range. The government respectfully requests this Court to remind the defendant, at sentencing, of his waiver of appeal.

DATED this 27th day of April, 2010.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

s/YE9
YE-TING WOO
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-2268
Fax:              (206) 553-0755
E-mail:         Ye-Ting.Woo@usdoj.gov

Government's Sentencing Memorandum- 5
*United States v. Marquin Thompson,* No. CR09-122JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1           CERTIFICATE OF SERVICE

2      I hereby certify on April 27, 2010, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system which will send notification of such filing to the attorney

4  of record for the defendant.

5                              s/ Ye-Ting Woo
                               State Bar Number 21208
6                              United States Attorney's Office
                               700 Stewart Street, Suite 5220
7                              Seattle, WA 98101
                               Telephone: 206-553-2268
8                              Fax: 206-553-0755
                               E-mail: Ye-Ting.Woo@usdoj.gov

Government's Sentencing Memorandum- 6
*United States v. Marquin Thompson,* No. CR09-122JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970